[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10364
Non-Argument Calendar
_____

D.C. Docket No.  1:14-cv-01187-AT


ROBERT REAGAN, on behalf of himself and
all others similarly situated,

Plaintiff - Appellee,


versus


STORED VALUE CARDS, INC.,
CENTRAL NATIONAL BANK AND
TRUST COMPANY, ENID, OKLAHOMA,

Defendants - Appellants.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 18, 2015)

Before MARCUS, WILLIAM PRYOR, and COX, Circuit Judges.

PER CURIAM:

Stored Value Cards, Inc. ("Stored Value Cards") and Central National Bank

and Trust Company, Enid, Oklahoma ("Central National Bank"), appeal the district

court's order (Doc. 24) denying their motion to compel arbitration pursuant to an arbitration clause in a Cardholder Agreement ("Agreement").  We affirm.

## I.  Facts and Proceedings Below

The Plaintiff, Robert Reagan, was jailed overnight in the Rockdale, Georgia, County Jail on a charge that later was dropped.  When booked, he turned over $764.00 in cash to his jailers.  When released the next day, he was given in lieu of his cash a pre-paid debit card worth $764.00 issued by Central National Bank through Stored Value Cards.  He had no option to get cash or a check instead.  Simultaneously, he received from the jailers a packet of documents that included the Agreement, which was printed in illegible five-point type.  The jailers did not tell Reagan that the Agreement was in the packet.  And, Reagan did not know that the Agreement was in the packet.  The Agreement, which Reagan had no opportunity to read and did not sign, included an arbitration clause.  After Reagan brought in state court this putative class action challenging fees attendant to using the card, Stored Value Cards and Central National Bank removed the case to federal district court and filed a motion to compel arbitration.  The district court denied the motion because there were factual disputes as to whether Reagan agreed to arbitrate.

## II. Standard of Review

We review de novo a district court's order denying a motion to compel arbitration under the Federal Arbitration Act. *Becker v. Davis*, 491 F.3d 1292, 1297 (11th Cir. 2007).

## III. Discussion

The parties agree that arbitration is contractual, and that arbitration may not be compelled if the parties did not mutually assent to the Agreement containing the arbitration clause.[1]  Mutual assent requires a meeting of the minds on the essential terms of the contract.  The parties agree that whether they formed the Agreement is for district courts to decide.  *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, ___ U.S. ___, 130 S. Ct. 2847, 2855-58 (2010); *Solymar Invs., Ltd. v. Banco Santander, S.A.*, 672 F.3d 981, 989-90 (11th Cir. 2012).

Stored Value Card and Central National Bank contend that Reagan's use of the card constituted assent to the Agreement and, in turn, to the arbitration clause. Reagan contends that the "usage rule" is inapposite, and that there is an issue of fact to be resolved by the district court as to whether Reagan assented to the Agreement.

---

[1] The parties also agree that Georgia law applies as to whether mutual assent existed in this case. John K. Larkins, Jr., *Ga. Contracts Law and Litigation* § 3.2 (2d ed.); *Jones v. Frickey*, 618 S.E.2d 29, 31 (Ga. Ct. App. 2005).

3

The district court concluded that fact issues exist to be resolved by the court or a jury as to whether Reagan assented to the Agreement and, hence, assented to the arbitration clause. (Doc. 24, 7-10). The district court noted that issues of fact exist as to whether Reagan's use of the card constituted assent to the Agreement's terms because: (1) he did not apply for the card; (2) he was not offered a line of credit that he could choose to use or not use; (3) the Agreement did not come in the same envelope as a card for which Reagan had applied; and (4) Reagan did not use it for a long period of time. (*Id.*, 10-11).

We have reviewed the briefs and the appellate record excerpts cited by the parties. We need not add anything to the district court's opinion. The district court correctly held that issues of fact exist to be resolved by the court or a jury as to whether Reagan agreed to arbitrate with Stored Value Cards and Central National Bank.[2]

## IV. Conclusion

For the reasons stated in this and the district court's opinion, we affirm the order of the district court denying the motion to compel arbitration filed by Stored Value Cards and Central National Bank.

AFFIRMED.

---

[2] We agree with Stored Value Cards and Central National Bank that unconscionability is for the arbitrator to decide, but disagree with their contention that the district "conflated" formation issues with unconscionability.

4